# Exhibit A

B2570 (Form 2570 – Subpoena to Produce Documents, Information or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re: Westinghouse Electric Company, LLC, *et al.*

                    Debtor

Case No. 17-10751 MEW

*(Complete if issued in an adversary proceeding)*

Fluor Enterprises, Inc.,

                    Plaintiff

Chapter 11

              v.

W Wind Down Co LLC,

                  Defendant

Adv. Proc. No. 18-01635 (MEW)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Westinghouse Electric Company**

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    (See Attached Exhibit A, seeking document production.)

| PLACE Pillsbury Winthrop Shaw Pittman LLP 1200 Seventeenth Street NW Washington, DC 20026 | DATE AND TIME May 1, 2019 at 5 p.m. |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME /s/ Deborah B. Baum |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  April 1, 2019

                CLERK OF COURT

                           OR

_____     ___/s/ Deborah B. Baum_____
    *Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Fluor Enterprises, Inc._____ , who issues or requests this subpoena, are: Deborah B. Baum, Pillsbury Winthrop Shaw Pittman LLP, 1200 Seventeenth St. NW, Washington, DC 20036, (202) 663-8772, deborah.baum@pillsburylaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## <u>EXHIBIT A TO SUBPOENA</u>

I.    **DEFINITIONS AND RULES OF CONSTRUCTION**

The following rules of construction apply to all discovery requests: (1) the terms "**<u>all</u>**,"
"**<u>any</u>**," and "**<u>each</u>**" shall each be construed as encompassing any and all; (2) the connectives
"**<u>and</u>**" and "**<u>or</u>**" shall be construed either disjunctively or conjunctively as necessary to bring
within the scope of the discovery request all responses that might otherwise be construed to be
outside of its scope; and (3) the use of the singular form of any word includes the plural and vice
versa.  Local. R. Civ. P. 26.3(d).

All words shall have their ordinary English meaning, except as otherwise defined herein.
The present tense includes the past and future tense, words of either gender shall include both
genders, singular nouns and verbs shall include plural nouns and verbs and vice versa, and "and"
and "or" shall mean "and/or."  To the extent you contend that the meaning of any term in these
requests for production is unclear, then you are to assume a reasonable meaning, state that
assumed reasonable meaning, and respond to the request based on that assumed meaning.

1.    The term "**<u>communication</u>**" means the transmittal of information (in the form of
facts, ideas, inquiries or otherwise).  Local. R. Civ. P. 26.3(c)(1).

2.    The term "**<u>document</u>**" is defined to be synonymous in meaning and equal in
scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ.
P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this
term.  Local. R. Civ. P. 26.3(c)(2).

3.    When referring to a **person**, "**<u>to identify</u>**" means to give, to the extent known, the
person's full name, present or last known address, and when referring to a natural person,
additionally, the present or last known place of employment.  Once a person has been identified

4818-8344-9488.v1

in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.  Local. R. Civ. P. 26.3(c)(3).

4.      When referring to **documents**, "**<u>to identify</u>**" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).  In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d). Local. R. Civ. P. 26.3(c)(4).

5.      The terms "**<u>Plaintiff</u>**" and "**<u>Defendant</u>**" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation. Local. R. Civ. P. 26.3(c)(5).

6.      The term "**<u>person</u>**" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.  Local. R. Civ. P. 26.3(c)(6).

7.      The term "**<u>concerning</u>**" means relating to, referring to, describing, evidencing or constituting.  Local. R. Civ. P. 26.3(c)(7).

8.      The term "**<u>including</u>**" means including without any limitation.

9.      "**<u>Fluor</u>**" refers to the Plaintiff, Fluor Enterprises, Inc., and its predecessors or successor entities, divisions, any subsidiaries, parents, affiliates, officers, directors, employees, independent contractors, salespersons, sub-contractors, agents, and attorneys, and any other persons acting or purporting to act on its behalf.

4818-8344-9488.v1

10.     "**Plan**" refers to the *Debtors Modified Second Amended Joint Chapter 11 Plan of Reorganization* in *In re Westinghouse Electric Company, LLC, et al.* (S.D.N.Y. Bankr. Case No. 17-10751).

11.     "**Wind Down**" refers to the Defendant, W Wind Down Co LLC, the entity responsible for administering the Debtors' obligations under the Plan.

12.     "**WEC**." "**you**," and "**your**" refer to non-party Westinghouse Electric Company LLC, and its predecessors or successor entities, divisions, any subsidiaries, parents, affiliates, officers, directors, employees, independent contractors, salespersons, sub-contractors, agents, and attorneys, and any other persons acting or purporting to act on its behalf.

13.     "**V.C. Summer Project**" refers to the construction of AP1000 reactors at the Virgil C. Summer Nuclear Station in Jenkinsville, South Carolina.

14.     "**Vogtle Project**" refers to the construction of AP1000 reactors at the Alvin W. Vogtle Electric Generating Plant in Waynesboro, Georgia.

15.     "**Projects**" refers to both the V.C. Summer Project and Vogtle Project collectively.

16.     "**Project Owners**" refers to the owners of the V.C. Summer and Vogtle Projects.

17.     "**EPC Contracts**" refers to the engineering, procurement, and construction contracts between the Project Owners and the consortium of WEC and CB&I Stone & Webster.

18.     "**MOU**" refers to the Memorandum of Understanding between WEC and Fluor concerning the Projects, executed on October

19.     "**Original Subcontracts**" refers to the subcontract agreements between Fluor and WEC for the V.C. Summer and Vogtle Projects, executed on December 31, 2015.

4818-8344-9488.v1

20.     "**Amended Subcontracts**" refers to the Amended and Restated subcontract agreements between Fluor and WEC for the V.C. Summer and Vogtle Projects, executed on February 24, 2017.

21.     "**Fixed Project Fee**" refers to Fluor's fixed fee under the Original and Amended Subcontracts, including the "Incentive Fee" associated with the V.C. Summer Project.

## II.     INSTRUCTIONS

1.     Pursuant to Fed. R. Civ. P. 45(d)(1), production of all responsive documents or things shall be as they are kept in the usual course of business or said documents or things shall be organized and labeled to correspond with the categories in the following document requests.

2.     You are required to produce the original and each non-identical copy of each document or other tangible thing requested herein which is in your possession, custody or control, or that of any of your agents, attorneys, accountants, employees or representatives.  If the original is not in your possession, custody or control, or that of your agents, attorneys, accountants, employees or representatives, the most full, clear, legible copy thereof is to be produced.

3.     These Requests are continuing in character.  You are therefore requested to file supplemental responses if you obtain further or different information prior to trial.

4.     Unless otherwise indicated, the relevant time period of these requests is July 1, 2015 through August 1, 2018, the effective date of the Plan.

5.     The parties to this matter have filed a Stipulated Proposed Protective Order Governing Confidentiality in this matter, attached as Exhibit B to the Subpoena, and agreed that this stipulation shall be binding on the parties as to any documents or communications produced prior to the Court's issuance of the Order in the case.

4

6.      An as-filed copy of the Stipulated Proposed Rule 502(d) Order stipulated to by the parties and WEC is attached as Exhibit C to the Subpoena.

7.      For any document no longer in your custody or control, identify the document, state whether it is missing, lost, destroyed, transferred to others, or otherwise disposed of, and identify any person who currently has custody or control of the document, or who has knowledge of the contents of the document.

8.      If any Request cannot be answered in full after exercising due diligence to secure the information to do so, please answer the Request to the extent possible, and identify any known deficiencies in your answer to the Request, and provide whatever information or knowledge is presently available to you concerning the unanswered portion of the Request.

9.      To the extent that you consider any of the following Requests objectionable, answer as much of Request as is not objected to, and separately state any part of each Request that you object to and the grounds for objection.

10.      If any information requested herein is withheld on the basis of a claim of privilege or subject to protection as material prepared in anticipation of litigation or trial, then, pursuant to Fed. R. Civ. P. 45(d)(2)(A), that claim shall be made expressly in writing, and such writing shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that will enable Defendant to assess the applicability of the privilege or protection.

11.      For each claim of privilege or protection, the following information shall be provided in the response or the objection:  (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not

4818-8344-9488.v1

apparent, the relationship of the author, addressees, and recipients to each other.  Local R. Civ. P. 26.2 (a).

12.      Unless otherwise agreed, for documents and communications maintained in paper format, the following specifications should be used for production:

a.      Scanned images should be produced either as a single-page black and white TIFF files in group IV format, imaged at least 300 dpi, or as color JPEG files.

b.      Each filename must be unique and match the Bates number of the page. The filename should not contain any blank spaces and should be zero padded (e.g., ABC00000001).

c.      Each production volume should have its own unique name and a consistent naming convention (e.g., XYZ00001 or JONES000001).

d.      To the extent that Optical Character Recognition (OCR) has been applied to the documents in the course of review and/or production, full text should also be delivered for each document. Text should be provided on a document level and may be included in an appropriately formatted text (.TXT) file that is named to match the first Bates number of the document.

13.      Unless otherwise agreed, for documents that originated and are maintained in electronic format (i.e., electronically stored information or ESI), the following specifications should be used for production:

a.      For standard documents, emails, and presentations originating in electronic form, documents should be produced in both native format and as TIFF images using the same specifications as set forth above for paper documents, with a delimited text file (using the delimiters detailed below) containing the following extracted

6

metadata fields: (i) Beginning Production Number; (ii) Ending Production

Number; (iii) Beginning Attachment Range; (iv) Ending Attachment Range; (v)

Custodian; (vi) Path/Location; (vii) MIME Type; (vii) Author; (ix) Title; (x) File

Name; (xi) File Ext; (xii) File Size; (xiii) MD5 Hash; (xiv) Date Last Modified;

(xv) Date Created; (xvi) Date Sent; (xvii) Time Sent [HH:MM:SS]; (xviii)

MessageID; (xix) Date Received; (xx) From; (xxi) Recipients; (xxii) Copyees;

(xxiii) Blind Copyees; (xxiv); Pages (xxv) EmailSubject; (xxvi) Native link path;

and (xxvii) Extracted Text (not OCR Text) produced as separate .TXT files.

b.      Documents should be produced in so as to identify the location (i.e., the network

file folder, hard drive, backup tape, or other location) where the documents are

stored and, where applicable, the natural person in whose possession they were

found, or on whose hardware device they reside or are stored. If the storage

location was a file share or work group folder, that should be specified as well.

c.      Attachments, enclosures, and/or exhibits to any parent documents should also be

produced and proximately referenced to the respective parent documents.

14.     For structured information contained within databases, please confer with Fluor's

counsel regarding the form of production prior to production.

15.     Unless otherwise agreed, Documents produced should be provided with (i)

Concordance delimited load files and (ii) Opticon delimited cross-reference file(s). Every TIFF

in each production must be referenced in the production's corresponding load file. The total

number of images referenced in a production's load file should match the total number of TIFF

files in the production. The database load file shall include a reference to any native files that are

produced.

4818-8344-9488.v1

16.     Documents should be delivered to the offices of Pillsbury Winthrop Shaw Pittman, LLP, 1200 Seventeenth Street, NW, Washington, DC 20036, to the attention of Deborah B. Baum, within thirty days of service, or in such other manner as mutually agreed.

17.     If you do not understand any part of this document request or believe any part to be vague, promptly contact Debby Baum (deborah.baum@pillsburylaw.com) or Cynthia Robertson at (202) 663-9256 (cynthia.robertson@pillsburylaw.com) to obtain clarification.

## III.    REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**  All documents and communications concerning WEC's decision to engage Fluor to work on the Projects and its reasons for doing so.

**REQUEST NO. 2:**  All documents and communications concerning the negotiation and execution of the MOU, including those concerning

a.     Discussions between and among former WEC Chief Executive Officer Danny Roderick and Fluor's David Dunning and/or others at WEC and Fluor in July 2015 concerning WEC's proposal to engage Fluor to replace WEC's then-current subcontractor on the Projects, CB&I Stone & Webster;

b.     Negotiations and any related discussions or assessments concerning the commercial terms of the MOU, including the amount and payment terms of Fluor's fee for the Projects (including the Fixed Project Fee), and related issues such as the anticipated scope of work and risk to Fluor; and

c.     The parties' contemporaneous understanding of the terms of the MOU, including the amount and payment terms of Fluor's fee for the Projects (including the Fixed Project Fee) as of the execution of the MOU on October 27, 2015, including WEC's impressions of Fluor's understanding.

8

**REQUEST NO. 3**:  All documents and communications concerning WEC's understanding of the terms of the MOU after October 27, 2015.

**REQUEST NO. 4**:  All documents and communications concerning the negotiation and execution of the Original Subcontracts, including those concerning

a.    Drafts, or partial drafts, of the subcontracts;

b.    Term sheets or proposals by either party concerning Fluor's Fixed Project Fee;

c.    Negotiations and any related discussions or assessments concerning the amount and payment terms of Fluor's Fixed Project Fee, including any guarantee of payment in the case of termination;

d.    WEC's assessment or understanding of the payment terms of Fluor's Fixed Project Fee in relation to any draft of the Original Subcontracts or related term sheet, including any guarantee of payment of the unpaid balance of the Fixed Project Fee in the case of termination by either party, including any attempts by WEC to incorporate such a guarantee into a draft agreement or term sheet;

e.    WEC's contemporaneous understanding of the terms of the Original Subcontracts concerning Fluor's Fixed Project Fee and any guarantee of payment or obligation by WEC to pay Fluor the balance of its Fixed Project Fee and demobilization costs in the case of termination by either party; and

f.    WEC's contemporaneous impression of Fluor's understanding of the terms of the Original Subcontracts concerning Fluor's Fixed Project Fee and any guarantee of payment or obligation by WEC to pay Fluor the balance of its Fixed Project Fee and demobilization costs in the case of termination by either party.

4818-8344-9488.v1

**REQUEST NO. 5:**   All documents and communications, whether internal or external, after the execution of the Original Subcontracts on December 31, 2015, and prior to the execution of the Amended Subcontracts on February 24, 2017, concerning Fluor's Fixed Project Fee, including any guarantee of payment or obligation by WEC to pay Fluor the balance of Fluor's Fixed Project Fee and demobilization costs in the case of termination by either party.

**REQUEST NO. 6:**   All documents and communications concerning the reasons Fluor and WEC chose to amend the Original Subcontracts.

**REQUEST NO. 7:**   All documents and communications concerning the negotiation and execution of the Amended Subcontracts, including those concerning

a.   Drafts, or partial drafts, of the proposed amendments to the Original Subcontracts;

b.   Discussion or assessment concerning the payment terms of Fluor's Fixed Project Fee, including any guarantee of payment in the case of termination by either party, including proposed changes to Article 14 of the subcontracts;

c.   WEC's contemporaneous understanding of the terms of the Amended Subcontracts as to the payment terms of Fluor's Fixed Project Fee and any guarantee of payment or obligation by WEC to pay Fluor the balance of its Fixed Project Fee and demobilization costs in the case of termination by either party; and

d.   WEC's contemporaneous impression of Fluor's understanding of the terms of the Amended Subcontracts concerning Fluor's Fixed Project Fee and any guarantee of payment or obligation by WEC to pay Fluor the balance of its Fixed Project Fee and demobilization costs in the case of termination by either party

10

**REQUEST NO. 8**:  All documents and communications, whether internal or external, at any time following the execution of the Amended Subcontracts on February 24, 2017, concerning Fluor's Fixed Project Fee including any guarantee of payment and/or obligation by WEC to pay the balance of Fluor's Fixed Project Fee in the case of termination by either party.

**REQUEST NO. 9**:  Executed copies of the EPC Contracts for the Projects.

**REQUEST NO. 10**:  All documents and communications, whether internal or external, regarding any disputes or refusals to pay, in whole or in part, any of Fluor's invoices to WEC under the Original or Amended Subcontracts, including any requests for reimbursement of Fluor's legal expenses.

**REQUEST NO. 11**:  All documents and communications concerning any failures by WEC to pay Fluor's invoices as agreed under the Original or Amended Subcontracts or the EPC Contracts.

**REQUEST NO. 12**:   All documents and communications concerning WEC's obligation to pay Fluor's legal expenses under the Original and Amended Subcontracts.

**REQUEST NO. 13**:   All documents and communications concerning WEC's decision to discontinue its performance under the Amended Subcontracts.

**REQUEST NO. 14**:  Any cooperation or joint defense agreements between WEC and Wind Down concerning Fluor's claims in the bankruptcy case (*In re Westinghouse Electric Company, LLC, et al.* (S.D.N.Y. Bankr. Case No. 17-10751)), including this adversary proceeding (*Fluor Enterprises, Inc. v. W Wind Down Co LLC* (Adv. Proc. No. 18-01635)), including any documents WEC has provided to Wind Down.

**REQUEST NO. 15**:  All communications between WEC and Wind Down concerning Fluor's claims in the bankruptcy case (*In re Westinghouse Electric Company, LLC, et al.*

4818-8344-9488.v1

(S.D.N.Y. Bankr. Case No. 17-10751)), including this adversary proceeding (*Fluor Enterprises, Inc. v. W Wind Down Co LLC* (Adv. Proc. No. 18-01635)), including any documents WEC has provided to Wind Down.

**REQUEST NO. 16**:  All communications between WEC and the Creditor's Committee, or any members thereof, concerning Fluor's Claims in the bankruptcy case (*In re Westinghouse Electric Company, LLC, et al.* (S.D.N.Y. Bankr. Case No. 17-10751)), including this adversary proceeding (*Fluor Enterprises, Inc. v. W Wind Down Co LLC* (Adv. Proc. No. 18-01635)).

4818-8344-9488.v1

## EXHIBIT B TO SUBPOENA:  PROPOSED STIPULATED PROTECTIVE ORDER

4818-8344-9488.v1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re:                                                        :
                                                             :          Chapter 11
WESTINGHOUSE ELECTRIC COMPANY, LLC, :
*et al.*,                                                     :
                                                             :          Case No. 17-10751 (MEW)
                           Debtor.                           :          (Jointly Administered)
-----------------------------------------------------------------x
                                                             :
FLUOR ENTERPRISES, INC                                       :
                           Plaintiff,                        :
                                                             :          Adv. Proc. 18-01635 (MEW)
              - against -                                    :
                                                             :
W WIND DOWN CO LLC,                                          :
                                                             :
                           Defendant.                        :
-----------------------------------------------------------------x

## [PROPOSED] JOINT STIPULATED PROTECTIVE ORDER
## GOVERNING CONFIDENTIALITY

Because the parties anticipate that discovery will involve the exchange of sensitive,

proprietary, or personally identifying information that is subject to applicable state and/or federal

privacy statutes, and wish to facilitate expeditious discovery and exchange of information and

documents in the above-captioned adversary proceeding (the "**Action**"), and wish to protect the

interests of all Parties' confidential and commercially-sensitive information and documents,

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, through

their undersigned counsel, that the following provisions of this Joint Stipulated Protective Order

(the "**Order**") shall govern disclosure and use by each Disclosing Party (as defined below) of all

documents, communications, testimony, exhibits, interrogatory answers, responses to requests to

admit and any other materials and information disclosed or provided in this Action.

1.      All Information produced or disclosed in the Action shall be used solely for the
prosecution or defense (including any appeal therefrom) of the Action and shall not be used for
any other purpose.

2.      When used in this Order, the term:

(a)      "**Confidential Information**" means all documents and testimony, and all
information contained therein, containing:

(i) financial, proprietary, or commercial information that may be subject to a
protective order under Fed. R. Civ. P. 26(c)(1)(G); or

(ii) confidential, non-public personal information that is protected from disclosure
by statute, regulation or otherwise.

(b)      "**Disclosing Party**" refers to any party to this Action and any non-party disclosing
or producing Confidential Information in connection with this Action.

(c)      "**Discovery Material**" refers to all Information or items that are produced or
generated in disclosures or responses to discovery in this Action, regardless of the medium or
manner in which they were stored, generated, or maintained.

(d)      "**Document**" has the same meaning as provided in Rule 34 of the Federal Rules
of Civil Procedure and S.D.N.Y. Local Rule 26.3 (made applicable by Local Bankruptcy Rule
7026-1), and shall include, without limitation, all original, written, recorded, electronic, or
graphic materials, and all copies, duplicates or abstracts thereof including, but not limited to,
notes on documents including information contained therein or derived therefrom.

(e)      "**Information**" shall include individual Documents, communications, and records
(including associated metadata), in any form.

(f)    "**Receiving Party**" shall refer to any party to this Action and any non-party that receives Confidential Information.

3.    A Disclosing Party's designation of Discovery Material as Confidential Information constitutes a representation that such Discovery Material has been reviewed by counsel and that there is a good faith basis for such designation.

4.    Unless otherwise ordered by the Court or permitted in writing by the Disclosing Party, a Receiving Party may disclose Confidential Information only to:

(a)    counsel of record in this Action, as well as counsel's employees to whom it is reasonably necessary to disclose the information in connection with this Action;

(b)    the parties to this Action, including in-house counsel, officers, directors, and employees of the parties who have signed the Acknowledgment and Consent to be Bound ("**Acknowledgement**") attached as **Exhibit A**;

(c)    experts, consultants, or investigators including their staff who have signed the Acknowledgment;

(d)    outside photocopying, microfilming, or database service providers, trial support firms, graphic production services, litigation support services, and translators engaged by the parties during this Action to whom disclosure is reasonably necessary for this Action;

(e)    the Court, any court to which a party petitions for discovery of a non-party, any appellate court, necessary court personnel, and jurors;

(f)    court reporters and their staff, stenographers or video operators, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Action;

(g)     during their depositions and deposition preparation, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the Acknowledgment attached hereto as Exhibit A (although such individuals shall not be permitted to retain any copies);

(h)     any mediator engaged by the named parties in connection with this Action;

(i)     the author or recipient of a document containing the Confidential Information or a custodian or other person who otherwise possessed or knew the information; and

(j)     other persons only after notice to all parties and upon order of the Court, or upon written consent of the Disclosing Party.

5.     A Disclosing Party may designate "**Highly Confidential Information**" under the terms of this Order if such party in good faith reasonably believes that disclosure of the Highly Confidential Information to persons other than those identified in Paragraphs 4(a), (c), (d), (e), (f), (g), (h), and (i) of this Order, and any individual specifically designated in Paragraph 4(j) to receive access to Highly Confidential Information, is substantially likely to cause injury to the Disclosing Party.

6.     Designation of Documents or other material as containing Confidential or Highly Confidential Information as set forth in Paragraphs 4 and 5 of this Order may be made at or prior to the time of production of documents by stamping or otherwise affixing the legend "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" on each page deemed Confidential or Highly Confidential, in a manner that does not interfere with the legibility of the document.

The Disclosing Party must limit designations of Confidential and Highly Confidential Information to only those parts of Documents, testimony, or material that contain Confidential or

Highly Confidential Information, and must specify for each page, or portion of a page, the level

of protection being asserted.    If Confidential or Highly Confidential Information is disclosed in

a form not appropriate for such marking, it shall be designated as Confidential or Highly

Confidential in writing at the time it is delivered to the Receiving Party.

7.    A Disclosing Party may designate as Confidential or Highly Confidential any

portion of a transcript from a deposition or from other pretrial or trial proceedings deemed to

contain such material.    The Disclosing Party shall advise the court reporter and counsel of

record at the beginning and end of the testimony containing Confidential or Highly Confidential

Information ("**Confidential Testimony**") either orally at the deposition or in writing no later

than 7 calendar days after receipt from the court reporter of the final deposition transcript.

During such 7-day period, the parties shall treat the entire transcript as Confidential or Highly

Confidential. The reporter shall mark "CONFIDENTIAL-SUBJECT TO PROTECTIVE

ORDER" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" as appropriate on the

face of the transcript at the beginning and end of any portions of Confidential Testimony.

Failure to timely designate deposition testimony as Confidential Testimony waives any such

designation unless otherwise ordered by the Court or agreed in writing by all parties.

Transcripts containing Confidential Testimony shall have an obvious legend on the title

page that the transcript contains Confidential and/or Highly Confidential Information, and the

title page shall be followed by a list of all pages (including line numbers as appropriate) that

have been designated as Confidential or Highly Confidential.    At the request of any party, the

court reporter shall prepare a separate, original transcript that omits the Confidential Testimony.

Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential or

Highly Confidential Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.    Copies of the transcript for counsel's use may contain both the Confidential Testimony and other testimony in a single volume.

The use of a document as an exhibit at a deposition shall not in any way affect its designation as Confidential or Highly Confidential.

8.    Each expert, advisor, consultant, fact witness, or potential fact witness who receives Confidential or Highly Confidential Information shall be given a copy of this Order and be advised of its contents, and must execute the written Acknowledgement attached hereto as Exhibit A prior to disclosure of Confidential or Highly Confidential Information.

9.    Any person or entity in possession of Confidential or Highly Confidential Information shall maintain those materials in a reasonably secure manner and shall not reveal or discuss such information to or with any person not entitled to receive it, so that the Confidential or Highly Confidential Information is not further disclosed or used in any manner inconsistent with this Order.    The protections conferred by this Order cover not only the protected information itself, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might disclose protected material to persons not authorized to receive such material.

10.    Nothing in this Order shall be construed as limiting a Disclosing Party's use of its own Confidential or Highly Confidential Information.    If the Disclosing Party disseminates its own Confidential or Highly Confidential Information outside of the confines of this Order, such information shall no longer be subject to this Order.

In addition, nothing in this Order shall prevent or in any way limit disclosure, use or dissemination of any Confidential or Highly Confidential Information that:

(a)      is or becomes public knowledge, not in breach of this Order;

(b)      was acquired by a party from a non-party having the right to disclose such information; or

(c)      was learned by a party as a result of that party's own independent efforts, investigation, or inquiry.

If a dispute arises as to disclosure limitations for any specific Confidential Information, the burden shall be on the party seeking unlimited disclosure to prove that such Confidential Information was lawfully obtained through the above means or sources.

11.      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential or Highly Confidential Information to any person or under any circumstance not authorized under this Order, the Receiving Party, not later than 5 calendar days after learning of the disclosure, must: (a) notify in writing the Disclosing Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Confidential or Highly Confidential Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the Acknowledgment in Exhibit A.

12.      If a Receiving Party is served with a subpoena or a court order issued in another litigation or an investigation that compels disclosure of any Confidential or Highly Confidential Information, that Receiving Party must: (a) promptly notify in writing the Disclosing Party and provide it with a copy of the subpoena or court order; (b) promptly notify in writing the

4810-7104-2193.v1

individual or entity who caused the subpoena or order to issue in the other litigation or

investigation and provide it with a copy of this Order; and (c) cooperate with respect to all

reasonable procedures pursued by the Disclosing Party whose Confidential Information may be

affected.

The Disclosing Party must notify the Receiving Party within 14 calendar days of

receiving the notice and accompanying information if it intends to seek a protective order from

the court to avoid disclosure of the Confidential or Highly Confidential Information.

(a)     If the Disclosing Party timely seeks a protective order, the Receiving Party served

with the subpoena or court order shall not produce any Confidential or Highly Confidential

Information before a determination by the court from which the subpoena or order issued, unless

the Disclosing Party consents to such production in writing.    The Disclosing Party shall bear the

burden and expense of seeking protection of its Confidential or Highly Confidential Information

in the court that issued the subpoena or court order.

(b)     If the Disclosing Party fails to object or seek a protective order from the court

within 14 calendar days of receiving the notice and accompanying information, the Receiving

Party may produce the Confidential or Highly Confidential Information responsive to the

subpoena or court order.

(c)     Nothing in these provisions should be construed as authorizing or encouraging a

Receiving Party in this Action to disobey a lawful directive from another court.

13.     Inadvertent failure to designate materials as Confidential or Highly Confidential

at the time of production may be remedied by supplemental written notice by the Disclosing

Party. The Disclosing Party must notify the Receiving Party within 7 calendar days after

discovering that it inadvertently failed to designate the information as confidential.    If notice is given, all documents, materials, or testimony so designated shall be subject to this Order as if they had been initially designated as Confidential to the extent that such documents, materials, or testimony fall within the definition of Confidential or Highly Confidential Information. The Receiving Party should therefore notify any non-party to whom disclosure was made about the confidentiality designation.

The foregoing provision does not apply to any documents that have already otherwise become publicly available.

14.    When a Disclosing Party gives notice to a Receiving Party that inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Fed. R. Civ. P. 26(b)(5)(B).    Insofar as the parties are subject to an order or reach an agreement under Fed. R. Evid. 502(d) or (e), such order or agreement is incorporated by reference regarding the effect of disclosure of a Document, communication, or information covered by the attorney-client privilege, work product protection, or another privilege or protection.    This provision is not intended to modify whatever procedure may be established in such an order or stipulation.

15.    No party shall be obligated to challenge the propriety of a designation of Confidential or Highly Confidential Information when initially received, and a failure to do so shall not preclude a subsequent challenge thereto.

If, at any time, a party objects to a designation of Confidential or Highly Confidential Information under this Order, the objecting party shall notify the Disclosing Party in writing. Within 14 calendar days of receipt of such notification, counsel for the disclosing party and the

objecting party shall meet and confer in a good faith effort to resolve any disagreement regarding the Disclosing Party's designation of the Confidential or Highly Confidential Information.   If the parties do not resolve their disagreement within that time, they shall submit their dispute to the Court for resolution in accordance with the procedures below, and the disputed documents will be treated as Confidential or Highly Confidential until the Court rules.   Nothing in this Order prevents any party from objecting to the designation of any Documents as Confidential or Highly Confidential or prevents any party from seeking further protection for any material it produces in discovery.

Disputes regarding the propriety of a designation of Confidential or Highly Confidential Information shall be submitted to the Court for resolution as follows:

(a)    Within 7 calendar days after the meet and confer (or other deadline as agreed in writing by the Disclosing Party), the party objecting to the claim of confidentiality shall provide counsel for the Disclosing Party with a draft of a joint letter to the Court which sets forth the objecting party's position regarding the dispute.

(b)    The Disclosing Party shall then have 7 calendar days (or other deadline as agreed in writing by the objecting party) to provide counsel for the objecting party with an insert for that letter stating the Disclosing Party's position.   If the Disclosing Party fails to provide the insert by the deadline, the designation of Confidential or Highly Confidential Information or privilege designations shall be deemed lifted.

(c)    The objecting party shall submit the letter, including the Disclosing Party's position, to the Court for decision.

Nothing in this Order changes the burdens of proof established by applicable law.

16.     Without written permission from the Disclosing Party or a court order secured
after appropriate notice to all interested persons, a Receiving Party may not file in the public
record in this Action any Confidential or Highly Confidential Information.   **This Order does
not, by itself, authorize the filing of any document under seal**.   **Any party wishing to file
Confidential or Highly Confidential Information in connection with a motion, brief, or
other submission to the court must comply with Local Bankruptcy Rule 9018-1**.   If only
portions of a document contain Confidential or Highly Confidential Information, the party filing
the document shall submit to the Court a redacted copy, in accordance with the Court's rules.

17.     Within 30 calendar days after the final disposition of this Action, including any
appeals, each Receiving Party must either return all Confidential or Highly Confidential
Information to the Disclosing Party or destroy such material, including all copies, abstracts,
compilations, summaries, and any other form in which the Confidential Information may have
been reproduced or captured.   Whether the Confidential or Highly Confidential Information is
returned or destroyed, the Receiving Party must submit a written certification to the Disclosing
Party by the 30-day deadline that (a) identifies (by category, where appropriate) all the
Confidential or Highly Confidential Information that was returned or destroyed and (b) affirms
that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any
other format reproducing or capturing any of the Confidential Information.

Notwithstanding this provision, counsel for the Receiving Party may retain an archival
copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,
correspondence, deposition and trial exhibits, expert reports, attorney work product, and
consultant and expert work product, even if such materials contain Confidential or Highly

Confidential Information.    Any such archival copies that contain or constitute Confidential or

Highly Confidential Information remain subject to this Order.

18.    Any non-party producing Confidential or Highly Confidential Information in this

Action may be included in this Order by endorsing a copy of the Stipulation and Order and

delivering the endorsed copy to the party that made the request for information.    The

Requesting Party, in turn, shall file the endorsed copy with the Court and serve it on counsel for

the other parties.    The parties to this Action may designate information produced by other

parties or non-parties as Confidential or Highly Confidential as consistent with the terms and

provisions of this Order.

If additional persons or entities become parties to this Action, such parties shall not have

access to Confidential or Highly Confidential Information produced by or obtained from any

Disclosing Party until the newly-joined parties endorse a copy of the Stipulation and Order and

file the endorsed copy with the Court.

19.    If a Disclosing Party produces two or more identical copies of a document of

which at least one copy is designated as Confidential or Highly Confidential and at least one

copy is not so designated, once the discrepancy is discovered, all copies of the document shall be

treated with the greatest amount of protection designated.    If a Receiving Party identifies such a

discrepancy, it shall promptly notify the Disclosing Party.    Once the Disclosing Party identifies

or becomes aware of the discrepancy, it shall promptly notify all other parties to the Action.

20.    This Order shall not prejudice in any way the rights of any party to introduce as

evidence at trial any document, testimony, or other evidence subject to this Order that is

otherwise admissible, or prejudice in any way the rights of any party to object to the authenticity

or admissibility into evidence of any document, testimony, or other evidence subject to this

Order.    A party that intends to present or that anticipates that another party may present

Confidential or Highly Confidential Information at a hearing or trial shall bring that issue to the

Court's and parties' attention by motion or in a pretrial memorandum without disclosing the

Confidential or Highly Confidential Information.    The Court may thereafter make such orders

as are necessary to govern the use of such documents or information at trial.

If Confidential or Highly Confidential Information is used in open court during any court

proceeding or filed as a trial exhibit, the material shall lose its confidential status and become

part of the public record, unless the Disclosing Party applies for and obtains an order from the

Court specifically maintaining the confidential status of the material.    Before any court

proceeding in which Confidential or Highly Confidential Information is to be used, counsel will

confer in good faith on such procedures that may be necessary or advisable to protect the

confidentiality of any such Confidential or Highly Confidential Information.

21.    Nothing in this Order or any designation of confidentiality hereunder, or any

failure to make such designation, constitutes an admission by a party or a party opponent that the

Confidential or Highly Confidential Information is relevant to a party's claims or defenses, nor

renders the designated material subject to privilege or protection.

23.    Nothing in this Order is an admission that any Confidential or Highly

Confidential Information is entitled to protection under this Order, Fed. R. Civ. P. 26(c) or any

other law.

24.    The treatment accorded of Confidential and Highly Confidential Information

under this Order survives the termination of this Action.

4810-7104-2193.v1

25.     This Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Order, or from agreeing with the other parties to modify this Order, subject to the Court's approval.

SO STIPULATED:

PILLSBURY WINTHROP SHAW PITTMAN LLP    WEIL, GOTSHAL & MANGES LLP

*/s/ Patrick J. Potter*

Deborah B. Baum (admitted *pro hac vice*)
Patrick J. Potter (admitted *pro hac vice*)
Dania Slim (admitted *pro hac vice*)
Cynthia Cook Robertson (admitted *pro hac vice*)
1200 Seventeenth Street, NW
Washington, DC 20036
Telephone: 202.663.8000
Facsimile: 202.663.8007

Andrew M. Troop
1540 Broadway
New York, NY 10036-4039
Telephone: 212.858.1000
Facsimile: 212.858.1500

*Counsel for Fluor Enterprises, Inc.*

*/s/ Robert S. Berezin*

Gary T. Holtzer
Edward Soto
Robert S. Berezin
Robert J. Lemons
Garrett A. Fail
767 Fifth Avenue
New York, NY 10153
Telephone: 212.310.8000
Facsimile: 212.310.8007

Lara Bueso Bach
1395 Brickell Avenue, Suite 1200
Miami, FL 33131-3368
Telephone: 305 577 3135
Facsimile: 305 374 7159

*Counsel for W Wind Down Co LLC*

SO ORDERED, for good cause shown:

This ___ day of _____, 2019

_____
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re:                                                          :
                                                                :        Chapter 11
WESTINGHOUSE ELECTRIC COMPANY, LLC, :
*et al.*,                                                       :
                                                                :        Case No. 17-10751 (MEW)
                              Debtor.      :        (Jointly Administered)
-----------------------------------------------------------------x
                                                                :
FLUOR ENTERPRISES, INC                                          :
                              Plaintiff,                        :
                                                                :        Adv. Proc. 18-01635 (MEW)
          - against -                                           :
                                                                :
W WIND DOWN CO LLC,                                             :
                                                                :
                              Defendant.   :
-----------------------------------------------------------------x

## ACKNOWLEDGEMENT AND CONSENT TO BE BOUND

     I, _____, declare that:

     I have received a copy of the Joint Stipulated Protective Order Governing Confidentiality

("**Protective Order**") in this Action.

     I have carefully read and understand the provisions of this Protective Order and I agree to

abide and be bound by its terms.

     I will hold in confidence, will not disclose to anyone other than those persons specifically

authorized by the Protective Order, and will not copy or use for purposes other than for this

Action any information designated "Confidential" or "Highly Confidential" that I receive in this

Action, except to the extent that such information is or becomes public domain information or

otherwise is no longer deemed "Confidential" or "Highly Confidential" in accordance with the Protective Order.

I agree that at the conclusion of the litigation, I will return all confidential information to the party or attorney from whom I received it.

I agree to subject myself personally to the jurisdiction of this Court for the purpose of proceedings relating to my performance under, compliance with, or violation of the Protective Order.

I understand that disclosure of information designated "Confidential" and "Highly Confidential" in violation of the Protective Agreement may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Date

_____
Signature

4810-7104-2193.v1

<u>**EXHIBIT C TO SUBPOENA:  PROPOSED STIPULATED RULE 502(d) ORDER**</u>

4818-8344-9488.v1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re:                                             :
                                                   :          Chapter 11
WESTINGHOUSE ELECTRIC COMPANY, LLC, :
*et al.*,                                          :
                                                   :          Case No. 17-10751 (MEW)
                          Debtor.                  :          (Jointly Administered)
------------------------------------------------------------------x
                                                   :
FLUOR ENTERPRISES, INC.                            :
                          Plaintiff,               :
                                                   :          Adv. Proc. 18-01635 (MEW)
          - against -                              :
                                                   :
W WIND DOWN CO LLC,                                :
                                                   :
                          Defendant.               :
------------------------------------------------------------------x

### JOINT STIPULATED NON-WAIVER AGREEMENT

Plaintiff Fluor Enterprises, Inc. ("**Fluor**"), Defendant W Wind Down Co LLC ("**Wind**

**Down**"), and third party Westinghouse Electric Company, LLC ("**WEC**") (collectively, the

**Producing Parties**) have agreed that the attorney-client privilege and work product protection

shall not be waived under certain circumstances, and accordingly request that the Court enter an

order providing for the terms of their stipulation, as stated below.

1.       **Non-Waiver of Attorney-Client Privilege and Work Product Protection.**

Pursuant to Fed. R. Evid. 502(d) and (e), the disclosure during discovery of any document or

communication ("**Document**") that is protected by the attorney-client privilege ("**Privilege**" or

"**Privileged**," as the case may be) or work-product protection ("**Protection**" or "**Protected**," as

the case may be), as defined by Fed. R. Evid. 502(g), shall not waive the Privilege or Protection

in the above-captioned case, or any other federal or state proceeding, for either that Document or the subject matter of that Document, unless there is an intentional waiver of the Privilege or Protection to support an affirmative use of the Document in support of the party's claim or defense, in which event the scope of any such waiver shall be determined by Fed. R. Evid. 502(a)(2) and (3). The Producing Parties intend that this stipulated order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, all disclosures not made to support an affirmative use of the Document in support of a party's claim or defense shall be regarded as "inadvertent," and the producing party is hereby deemed to have taken "reasonable steps to prevent disclosure," regardless of any argument or circumstances suggesting otherwise.

2.  **Return of Privileged or Protected Materials.**    Except when the requesting party contests the validity of the underlying claim of Privilege or Protection (including a challenge to the reasonableness of the timing or substance of the measures undertaken by the producing party to retrieve the Document(s) in question), any Document(s) the producing party claims as Privileged or Protected shall, upon written request, promptly be returned to the producing party and/or destroyed, at the producing party's option.    If the underlying claim of Privilege or Protection is contested, the Producing Parties shall comply with, and the requesting party may promptly seek a judicial determination of the matter, under Fed. R. Civ. P. 26(b)(5)(B).    In assessing the validity of any claim of Privilege or Protection, the court shall not consider the provisions of Fed. R. Evid. 502(b)(1) and (2), but shall consider whether timely and otherwise reasonable steps were taken by the producing party to request the return or destruction of the Document once the producing party had actual knowledge of (i) the circumstances giving rise to the claim of Privilege or Protection and (ii) the production of the Document in question.

3.      For purposes of paragraph 2, "destroyed" shall mean that the paper versions are

shredded, that active electronic versions are deleted, and that no effort shall be made to recover

versions that are not readily accessible, such as those on backup media or only recoverable

through forensic means.

4.      For purposes of paragraph 2, "actual knowledge" refers to the actual knowledge

of an attorney of record or other attorney with lead responsibilities in the litigation (for example,

lead counsel, trial counsel, or a senior attorney with managerial responsibilities for the litigation),

or, in the case of third party WEC, the senior attorney with managerial responsibility for

responses document subpoenas in this litigation.

5.      Where a Receiving Party becomes aware of produced Privileged or Protected

Material on its own review, that party shall promptly notify the Producing Party in writing of

such production.    Within ten (10) business days of the receipt of that notice, the Producing

Party must notify the Receiving Party in writing whether it intends to recall the produced

documents.


SO STIPULATED:

PILLSBURY WINTHROP SHAW PITTMAN LLP      WEIL, GOTSHAL & MANGES LLP

*/s/ Patrick J. Potter*                                       */s/ Robert S. Berezin*

Deborah B. Baum (admitted *pro hac vice*)        Gary T. Holtzer
Patrick J. Potter (admitted *pro hac vice*)          Edward Soto
Dania Slim (admitted *pro hac vice*)                 Robert S. Berezin
Cynthia Cook Robertson (admitted *pro hac vice*)    Robert J. Lemons
1200 Seventeenth Street, NW                      Garrett A. Fail
Washington, DC 20036                             767 Fifth Avenue
Telephone: 202.663.8000                          New York, NY 10153
Facsimile: 202.663.8007                          Telephone: 212.310.8000
                                                 Facsimile: 212.310.8007

Andrew M. Troop

1540 Broadway
New York, NY 10036-4039
Telephone: 212.858.1000
Facsimile: 212.858.1500

*Counsel for Fluor Enterprises, Inc.*

WESTINGHOUSE ELECTRIC COMPANY, LLC

*/s/ J. David Mura, Jr.*
J. David Mura, Jr.
1000 Westinghouse Drive
Cranberry Township, PA 16066 USA
Telephone: (724) 940-8171
Facsimile: (724) 940-8508

*Counsel for Westinghouse Electric Company, LLC*

Lara Bueso Bach
1395 Brickell Avenue, Suite 1200
Miami, FL 33131-3368
Telephone: 305 577 3135
Facsimile: 305 374 7159

*Counsel for W Wind Down Co LLC*

SO ORDERED:

This __ day of _____, 2019

_____
UNITED STATES BANKRUPTCY JUDGE

4810-9194-8177.v1