

Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street, NW  |  Washington, DC 20036  |  tel 202.663.8000  |  fax 202.663.8007

Deborah B. Baum
tel: +1.202.663.8772
deborah.baum@pillsburylaw.com

May 17, 2019

<u>Via Email</u>

J. David Mura, Jr.
Sr. Counsel - Legal & Contracts
Westinghouse Electric Company
1000 Westinghouse Drive
Cranberry Township, PA 16066

Re**:**   *In re Westinghouse Electric Company, LLC, et al.* **(Bankr. S.D.N.Y. Case No. 17-10751 /** *Fluor Enterprises, Inc. v. W Wind Down Co LLC* **(Bankr. S.D.N.Y. Adversary Proceeding No. 18-01635)**

Dear Dave:

I write regarding the subpoena for documents served on Westinghouse Electric Company, LLC (WEC) pursuant to Rule 45 of the Federal Rules of Civil Procedure, on behalf of my client, Fluor Enterprises, Inc. (Fluor), the plaintiff in the above-captioned adversary proceeding.

My colleague, Cynthia Robertson, spoke with you on Wednesday afternoon regarding the status of WEC's document production and privilege log in response to Fluor's subpoena, which was served on April 1, 2019.  My understanding is that you advised that WEC asserts privilege for each and every communication on which its in-house counsel was included in any capacity – even as a "cc" on a group email, and regardless of the content of the communication.  I also understand that WEC does not intend to provide a privilege log unless Fluor offers to WEC some evidence that the communications WEC is withholding are in fact not privileged.

Prior to involving the court, we thought it would be helpful to explain our position in a little more detail, and to make sure that we correctly understood your position.

May 17, 2019
Page 2

Respectfully, we believe that WEC's position, as we understand it, fundamentally alters WEC's obligations as the recipient of a subpoena under Rule 45 and the scope of attorney-client privilege protection, particularly as it applies to communications involving in-house counsel.

First, as the party claiming privilege protection, WEC (not Fluor) has the burden to establish the "facts that are the essential elements of the privileged relationship." *von Bulow v. von Bulow*, 811 F.2d 136, 144 (2d Cir. 1987) (citation omitted). Its burden "cannot be met by mere conclusory or ipse dixit assertions" by its attorneys. *Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co*., 240 F.R.D. 44, 47 (D. Conn. 2007) (citing, *inter alia*, Fed. R.Civ. P. 45(e)(2)(A)). Rule 45 requires subpoena recipients to both expressly state any privilege or protection claim *and* to describe the nature of the withheld materials in a manner that enables the parties to assess the assertion without revealing the privileged or protected information. Fed. R. Civ. P. 45(e)(2)(A). Subpoena recipients must "at least assert any privileges within the 14 days provided in Rule 45(d)(2)(B)," and provide a full privilege log, detailing the "nature of the withheld documents" as required by Rule 45(e)(2)(A)(ii), "'within a reasonable time'" thereafter. *In re DG Acquisition Corp*., 151 F.3d 75, 81 (2d Cir. 1998) (quoting *Tuite v. Henry*, 98 F.3d 1411, 1416 (D.C. Cir. 1996)).

WEC risks waiving its privilege claims altogether if it fails to provide a privilege log "within a reasonable time" – or even if its privilege log does not offer the required detail. *See, e.g., Horace Mann Ins.*, 240 F.R.D. at 47-48 (collecting cases and holding that producing adequately detailed privilege log is "[a]n essential step" in establishing privilege, and that failure to do so waives the privilege); *Micillo v. Liddle & Robinson LLP*, No. 15-CV-6141, 2016 WL 2997507, **2-3 (S.D.N.Y. May 23, 2016) (subpoena recipient waived privilege where privilege log produced three months late and with insufficient detail); *S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 167-68 & n.7 (S.D.N.Y. 2014) (collecting cases and holding that imposing waiver, rather than some lesser penalty, is the appropriate remedy when a party fails to provide a timely privilege log); *see also* Fed. R. Civ. P. 45, *Advisory Committee's Notes to 1991 Amendment* to Rule 45(d)(2) [now (e)(2)] ("A person claiming a privilege or protection who fails to provide adequate information about the privilege or protection claim to the party seeking the information is subject to an order to show cause why the person should not be held in contempt[.]").

Second, we seem to have a basic disagreement as to whether communications are not automatically privileged merely because they have passed through the hands of an attorney. But merely copying an attorney on emails or documents does not make those documents and communications privileged, nor is the mere transmission of documents to or from an attorney subject to attorney client privilege. *See, e.g., AIU*

May 17, 2019
Page 3

*Ins. Co. v. TIG Ins. Co.*, No. 07CIV.7052SHSHBP, 2008 WL 4067437, at *10 (S.D.N.Y. Aug. 28, 2008) (citing *U.S. Postal Serv. v. Phelps Dodge Refining Corp.*, 852 F. Supp. 156, 160 (E.D.N.Y. 1994) ("[T]he mere fact a communication is made directly to an attorney, or an attorney is copied on a memorandum does not mean that the communication is necessarily privileged."); *P&B Marina, L.P. v. Logrande*, 136 F.R.D. 50, 54 (E.D.N.Y. 1991), aff'd, 983 F.2d 1047 (2d Cir. 1992) ("transmittal letters ... that do not include legal advice nor disclose privileged matters are not subject to the attorney-client privilege.").

WEC has the burden of showing that each communication involving in-house counsel was privileged.  As we understand it, WEC continues to assert to privilege over essentially *all* documents and communications related to the subject subcontract negotiations.  It has refused to produce *any* internal documents or communications at all from Colleen Grygier or Howard Affinito.  And, although WEC has agreed to produce any documents from non-lawyer custodians that do not include in-house counsel even as a "cc," there apparently are exceedingly few documents that fall in that category. WEC's recent document production, purportedly including all responsive, non-privileged internal emails associated with custodian David Durham (the leader of WEC's negotiating team for the subcontracts at issue here) consisted of only *four emails* (a total of eighteen pages) for the entire time period in which the original subcontracts were negotiated and executed.  It seems most unlikely that the remainder of Mr. Durham's internal communications for this period – likely many hundreds of them – each meets the legal requirements for privilege protection.

Finally, given WEC's central role in the subject matter of this dispute, we hope you can understand the need to pursue this issue further. As you are aware, this case turns upon the negotiation and terms of subcontracts between WEC and Fluor. So, while pursuant to the Plan of Bankruptcy (and the parties' stipulated dismissal of WEC in 2018), the sole defendant in the adversary proceeding is W Wind Down Co LLC (Wind Down), it was WEC (and WEC alone) that generated and maintains possession and control of the internal documents and communications relevant to the dispute.[1] Neither party to this proceeding has any choice but to seek discovery of these documents from WEC.

---

[1] We are aware that WEC has previously elected to provide a limited selection of documents related to the subcontract negotiations to Wind Down. Counsel for Wind Down has represented that, to the extent such documents were not filed with the Court in August 2018 (as attachments to Wind Down's *Supplement to Correct the Record of the July 24, 2018 Hearing Regarding the Objection to Fluor's Proofs of Claim*), the remainder were included in a small production of documents recently made to Fluor.

May 17, 2019
Page 4

Fluor remains willing to work with you to establish reasonable limitations on the scope of WEC's search for documents, but it remains WEC's obligation to comply with the subpoena in a timely manner and in all respects, unless by agreement with Fluor or a modification of the subpoena by the Court.  And, while WEC may seek to recover some or all of its costs of compliance under the cost-shifting provisions of Rule 45, WEC may not, as its Response to Fluor's subpoena purports to do, refuse to meet its obligations indefinitely in the absence of "assurance from [Fluor] that the costs of responding will be reimbursed."

I suggest that we confer again soon, after you have had a chance to consider Fluor's position and/or respond on WEC's behalf.  Please advise of your availability early next week, so that we can coordinate an agreeable time to discuss further.  Alternatively, if you are not willing to consider a different approach, please let me know by COB on Wednesday, May 22, 2019, whether I have correctly reflected WEC's positions relative to these issues.

Sincerely,

Deborah B. Baum