

Westinghouse Electric Company
Legal, Risk & Commercial Affairs
1000 Westinghouse Drive
Cranberry Township, PA 16066
USA

June 24, 2019

Ms. Deborah B. Baum, Esq.
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street, NW
Washington, DC 20036

Re:   Subpoena to Westinghouse Electric Company, LLC ("Westinghouse")

Dear Ms. Baum,

  Westinghouse is in receipt of your letter dated June 19, 2019. As you know, after receipt of your letter dated May 17, 2019 and subsequent telephone discussions, Westinghouse produced a log of privileged emails related to the contract negotiations on May 28, 2019. Contrary to the assertions in your letter, we have identified the types of documents (they are all emails), the general subject matter, the dates, author and recipients, and thus met our burden under applicable law. Your letter also alleges that Westinghouse did not provide the basis for withholding these documents. As we have stated before, the basis for withholding is <u>the attorney-client privilege</u>, since all of these documents are direct communications between Westinghouse and its attorneys, made for the purpose of giving or receiving legal advice or legal services related to the negotiation and drafting of the Fluor subcontracts.

  Fluor seems to argue that the law requires Westinghouse to reveal the substance of the communications as well, and we simply disagree.

  With respect to your assertions regarding hard-copy files, please note that Westinghouse objected to Fluor's subpoena on numerous grounds, and clearly stated during our discussions that Fluor's requests were so broad that Westinghouse was not going to proceed with a full-scale collection of all requested documents, as this would take many months and significant expense. Further, we have noted that much, if not all, of what was being requested was irrelevant to the dispute. Instead, we suggested that Fluor identify more specifically what it really needed that it did not already have. Fluor identified and requested David Durham's internal non-privileged emails related to the Fluor subcontracts between 11/1/15 and 12/31/15. Westinghouse produced those documents to you, along with copies of the EPC Agreements and exhibits, on April 30, 2019. As we have stated before, Westinghouse continues to be open to addressing specific requests and making further productions in a reasonable fashion.

*WESTINGHOUSE PROPRIETARY CLASS 2*

*This document is the property of and contains Proprietary Information owned by Westinghouse Electric Company LLC and/or its affiliates, subcontractors and/or suppliers. It is transmitted to you in confidence and trust, and you agree to treat this document in strict accordance with the terms and conditions of the agreement under which it was provided to you. Any unauthorized use of this document is prohibited.*

© *2019 Westinghouse Electric Company LLC*
*All Rights Reserved*

LD4445JDM

Ms. Deborah Baum
June 24, 2019

    As such, we have complied with your request to collect David Durham's notes regarding the negotiation meetings. We will produce those to you this week. However, given the short time-frame, we have not had sufficient time to adequately assess whether any of the notes are from meetings with attorneys. Therefore, we reserve all of our rights and are not waiving any assertion of attorney-client privilege at this time.

    Finally, for the first time your letter identifies additional Westinghouse custodians from whom Fluor seeks additional documents. As stated before, Westinghouse is willing to discuss the parameters of additional searches and suggests a phone call to discuss the details.

    Please let me know if you would like to discuss this matter further.

Sincerely,

J. David Mura, Jr.
Sr. Counsel, Westinghouse Electric Company, LLC
murajd@westinghouse.com

LD4445JDM